The opinion of the Court was delivered by
Gantt, J.
The law recognizes cases wherein a person will be estop-ped from alleging or speaking the truth ; and where the act of the party does, ipso facto, interpose an impediment or bar to a right of action on his part; and that principle applies in the present case.
In a deed, all the parties are estopped to say any thing against what is contained in it. A lessee is estopped to say that the lessor had nothing in the land. Litt. 58, Co. Litt. 352. Lord Coke says, that if a feoffment be made to two, and their heirs, and the feoffer afterwards levies a fine to them and the heirs of one of them, this will be an estoppel to the other, to demand the fee simple according to the deed ; for the fine shall enure as a release. 6 Rep. 1, 44. So again, if tenant in tail suffers a recovery, that his issue may avoid, he himself shall be estopped and concluded by it, and may not demand the land against his own recovery. 3 Rep. 3. So the taking of a lease by indenture, of a man’s own land, whereof he is seized in fee, is an estoppel to claim the fee during the term. Moore’s Ca. 323, and 121. In Co. Litt. 47, it is said, if a lessor, at the time or making the lease, hath nothing in the land, but after he gets it by purchase or descent, it is a good lease by estoppel. See, also, Dyer, 256. Plowd. 344. Prom these quotations, I feel satisfied, that Littlejohn, the alienor, could not legally join in an action to defeat the efficacy of the conveyance made by him. His deed operates by way of estoppel, so far as respects himself. He might be vouched, and made a co-defendant to aid in supporting the title which he has created ; but in no case could he be called on or permitted by law to aid in defeating it. Whatever was ,-i his interest *in the land, whenever to be enjoyed, whether in pre-J senti or futuro, or whether any or not, he was equally estopped from becoming a plaintiff in this case.
Holmes, for the motion,
As the doctrine of estoppel will equally apply to those who are parties or privies to verdicts in subsequent actions to be brought, it would follow, that if the present verdict should stand, then M’Kennie, the defendant, could never meet with indemnity for any imposition or fraud prac-tised upon him, in the sale and conveyance of this land, by Littlejohn. It has been decided, that if a verdict be found on any fact or title, distinctly put in issue, in an action of trespass, such verdict may be pleaded by way of estoppel in another action, between the same parties, or their privies, in respect of the same fact or title.[1] Outram v. Morewood, 3 East’s Rep. 346.
In the case at bar, I am of opinion, that a new trial should be granted, and this is the unanimous opinion of the Court.
Hott, Bax and Johnson, JJ., concurred.

 Samuel v. Dinkins, 11 Rich.